**Richard LORETTE et al.**

v.

**Sanford GORODETSKY.**

**No. 92–159–Appeal.**

Supreme Court of Rhode Island.

Feb. 18, 1993.

Barry Kusinitz, Providence.

Edward Gnys, Jr., Providence.

### ORDER

This case came before this court for oral argument on February 16, 1993, pursuant to an order directed to the plaintiffs to appear and show cause why we should not summarily deny their appeal.

The plaintiffs in this case attempted at trial to prove the existence of an irrevocable oral contract between Edith Lorette and Edmond Lorette to create mutual wills. The plaintiffs contend that the decedent, Edith Lorette, revoked this will contract and thereby denied them of their share in the estate. Sanford Gorodetsky is executor of the decedent's estate and the named defendant in this case.

After reviewing the memoranda submitted by the parties and hearing the arguments of counsel we are of the opinion that cause has not been shown. The law is clear in Rhode Island that a party seeking to prove the existence of an irrevocable will contract must do so by clear and convincing evidence. *Williams v. Rhode Island Hospital Trust Co.*, 88 R.I. 23, 36–37, 143 A.2d 324, 332 (1958). In addition, " 'the mere presence of joint or mutual wills does not raise any presumption that they were executed pursuant to a contract.' " *Id.* at 38–39, 143 A.2d at 333 (quoting Bertel M. Sparks, *Contracts to Make Wills*, at 27–28 (1956).

The trial justice relied on this rule of law and concluded:

"even if there was an oral agreement between the father and the mother, there is no evidence that it was irrevocable. Assuming that there was a hint of that, it comes nowhere near clear and convincing. The execution of a joint will or mutual wills does not create a presumption of a contract not to revoke. There may be statements made, there may have been evidence viewed in the light most favorable to the plaintiffs might indicate a common hope for a testamentary scheme. But it does not prove the existence of a contract, let alone one that is alleged in the instant case."

We conclude that the record supports the trial justice and he correctly granted defendant's motion for a directed verdict.

For these reasons defendant's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed.

WEISBERGER, J., did not participate.